IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


RUSSELL A. RIZZOLO,
            Plaintiff,

vs.                                                    Case No.:  5:05cv197/RS/EMT

WILLIAM "BILL" DAVIS, Warden, et al.,
            Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 9).  Leave to proceed in forma pauperis has been granted (Doc. 7).

At all times relevant to this complaint, Plaintiff was an inmate at Washington Correctional Institution (WCI) (Doc. 9 at 3-5).  Plaintiff names three Defendants in this action, Richard Hodge, Mike Carter, and Jonathan Cook, three correctional officers employed at WCI (*id.* at 2).  Plaintiff alleges Defendants deprived him of access to the courts in violation of the First Amendment (*id.* at 6).  He seeks monetary damages in the amount of $60,005,000.00 for the alleged deprivation of his constitutional rights (*id.*).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A.  § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless,"  *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct.

1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  <u>Brown v. Budget Rent-A-Car Systems, Inc.</u>, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that Plaintiff has failed to state an actionable claim, therefore, dismissal of this action is warranted.

Plaintiff alleges the following facts in support of his claim.  While incarcerated at WCI, Plaintiff received a notice of trial in a small claims action he filed in the Duval County Court (Doc. 9 at 3).  Plaintiff filed the civil case against the Jacksonville Animal Care & Control, Atlantic Beach Animal Control, and Phillip Pool, seeking compensation for the destruction of Plaintiff's dogs (*id*.).  On November 3, 2003, Plaintiff submitted an inmate request to Defendant Carter, a Classification Officer, advising him that the telephonic trial was set for January 20, 2004, at 9:30 a.m. EST, and requesting that Plaintiff be made available to appear telephonically (*id*.).  Defendant Carter responded that he would facilitate Plaintiff's appearance at the trial (id. at 3-4).  On January 20, 2004, at approximately 8:15 a.m. EST, Plaintiff showed Defendant Cook the notice of trial (*id*. at 4).  Defendant Cook stated that he would look into the matter, but if the Classification Department did not call for Plaintiff, there was nothing he could do (*id*.).  Plaintiff was not made available to appear at the trial, therefore, the case was dismissed with prejudice for Plaintiff's failure to appear at the telephonic hearing (*id*.).  After the designated time for trial, Plaintiff submitted an inmate request to Defendant Hodge, the Classification Officer on duty at the time of the hearing, asking if the trial had been continued, since he had never been "called out" (*id*. at 5).  Defendant Hodge responded that he "did not have any information" (*id*.).  Plaintiff alleges Defendants denied his First Amendment right to access the courts by failing to facilitate his appearance at the telephonic trial (*id*. at 6).

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 97 S.Ct. 1491,52 L.Ed.2d 72 (1977); <u>Chandler</u>

v. Baird, 926 F.2d 1057 (11th Cir. 1991).  However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. 116 S.Ct. at 2179-80.  Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 2181.  Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 2181-82 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).  Furthermore, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  Lewis, 581 U.S. at 353 n.3, 116 S.Ct. at 2181 n.3; Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998).

In the instant case, Plaintiff alleges the nature of the civil action involved was a small claims action to recover damages for the destruction of his property, specifically, dogs.  Under no set of facts can Plaintiff satisfy the First Amendment standard set forth in Lewis v. Casey as Plaintiff's case was not a criminal appeal or post-conviction matter, nor was it a civil rights action seeking "to vindicate 'basic constitutional rights.'"  Therefore, the instant section 1983 action should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 7th day of December 2005.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**